# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SCHOLZ DESIGN, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.** |
| ) | |
| **FIELDSTONE MEADOWS** MAGISTRATE JUDGE ~~bowler~~ ) | |
| **DEVELOPMENT CORP. and** ) | |
| **MARTIN ARONOVITZ and** ) | |
| **LORI ARONOVITZ and** ) | RECEIPT # _____ |
| **HAROLD McCARD and** ) | AMOUNT $150 |
| **CHARLOTTE McCARD and** ) | SUMMONS ISSUED yes |
| **WILLIAM MacLEOD and** ) | LOCAL RULE 4.1 _____ |
| **TODD WACOME and** ) | WAIVER FORM_____ |
| **JOHN DOE(s) and/or JANE DOE(s) 1-5,** ) | MCF ISSUED_____ |
| ) | BY DPTY CLK _____ |
| **Defendants.** ) | DATE 6/29/04 |
| ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND LANHAM ACT VIOLATIONS

Plaintiff Scholz Design, Inc. ("Scholz") complains against Defendants as follows:

### INTRODUCTION AND PARTIES

1.      This civil action involves multiple claims of copyright infringement and Lanham Act violations of architectural works. The Defendants are the homebuilder, architects and homeowners who participated in the infringement activities.

2.      Scholz is a Delaware corporation with its principal place of business in Toledo, Ohio.

3.      Defendants Martin Aronovitz and Lori Aronovitz are residents of Massachusetts. Defendants Martin Aronovitz and Lori Aronovitz are owners of the house located at 6 Buttonwood

Drive, Andover, MA 01810 (the "Aronovitz House").

4.    Defendants Harold and Charlotte McCard are residents of Massachusetts. Defendants Harold and Charlotte McCard are owners of the house located at 15 Buttonwood Drive, Andover, MA 01810 (the "McCard House").

5.    Defendant William MacLeod is a resident of Massachusetts. Defendant William MacLeod is the owner of the house located at 19 Buttonwood Drive, Andover, MA 01810 (the "MacLeod House").

6.    Defendant Fieldstone Meadows Development Corp. is a building and/or general contracting company incorporated and having its principal place of business in Massachusetts.

7.    Defendant Todd Wacome is a resident of Massachusetts. Defendant Todd Wacome is the owner of Fieldstone Meadows Development Corp. and/or is a building and/or general contractor with his principal place of business in Massachusetts.

8.    Defendant(s) John Doe(s) and/or Jane Doe(s) 1-5, whose name(s) and address(es) are presently unknown, are the architect(s) who prepared the architectural drawings for the Aronovitz, or McCard, or MacLeod House.

## JURISDICTION

9.    This court has personal jurisdiction over each Defendant.

10.    This court has subject matter jurisdiction over this civil action for copyright infringement pursuant to 28 U.S.C. §1331 and §1338(a).

11.    Venue is proper pursuant to 28 U.S.C. §1391 and §1400.

2

## COUNT I
## COPYRIGHT INFRINGEMENT CLAIM AGAINST FIELDSTONE MEADOWS DEVELOPMENT CORP., TODD WACOME, MARTIN ARONOVITZ, LORI ARONOVITZ, AND JOHN DOE(S) AND/OR JANE DOE(S) 1-5 REGARDING THE ARONOVITZ HOUSE

12.     Scholz incorporates by reference paragraphs 1 through 11.

13.     Scholz is engaged in the research, development, creation, and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz's designs. Scholz's home designs are sold internationally and in interstate commerce.

14.     Scholz has authored an architectural design and drawing entitled "The Lombardy A" (hereinafter the "Lombardy") and "The Westbury A" (hereinafter the "Westbury"). True and accurate copies of the abridged versions of the Lombardy plans and the Westbury plans are attached as Exhibit A.

15.     The Lombardy and the Westbury are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). Scholz is the author of the Lombardy and the Westbury and the current claimant in the copyright of the Lombardy and the Westbury.

16.     Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Lombardy and the Westbury. Scholz has applied for and received from the Register of Copyrights the appropriate Certificate of Copyright Registration for the Lombardy and the Westbury. True and accurate copies of the Certificates of Copyright Registration for the Lombardy and the Westbury are attached as Exhibit B.

17.     Commencing on the date of first publication, and consistently thereafter, the Lombardy and the Westbury have been published by Scholz in conformity with the copyright laws of

3

the United States.

18.    Without Scholz's prior knowledge or permission and after Scholz obtained Certificates of Copyright Registration for the Lombardy and the Westbury, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, prepared or caused to be prepared certain architectural drawings by copying the Lombardy and/or the Westbury.

19.    Without Scholz's prior knowledge or permission and after Scholz obtained Certificates of Copyright Registration for the Lombardy and the Westbury, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, used the Lombardy and/or the Westbury drawings and otherwise caused the wrongfully copied Lombardy and/or Westbury to be used or exploited in the construction of the Aronovitz House. A true and accurate copy of a photograph of the Aronovitz House is attached as Exhibit C.

20.    Upon information and belief, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, have used, reproduced, displayed, distributed, marketed, offered for sale, and advertised the Lombardy and/or the Westbury to the public.

21.    Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, have derived profit and have been unjustly enriched as a direct and proximate result of their actions.

22.    The actions of Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, violate Scholz's

4

exclusive copyright in the Lombardy and/or Westbury and Defendants' actions constitute an infringement of those copyrights.

23.    Upon information and belief, said Defendants' copyright infringements were knowing, willful, and intentional.

24.    Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, actions have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

25.    During the pendency of this action and permanently thereafter, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, should be enjoined and restrained from directly or indirectly infringing upon Scholz's copyrights by using, copying, reproducing, displaying, distributing, marketing, offering for sale, advertising, preparing derivative works based upon, or otherwise improperly using the Lombardy and/or Westbury.

26.    Scholz is entitled to recover all damages suffered as a result of Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5, wrongful acts, including, but not limited to profits obtained by said Defendants' as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney fees, court costs and interest on said damages from the date of said Defendants' infringements.

5

<u>**COUNT II**</u>
**COPYRIGHT INFRINGEMENT CLAIM AGAINST FIELDSTONE MEADOWS
DEVELOPMENT CORP., TODD WACOME, HAROLD McCARD, CHARLOTTE
McCARD, AND JOHN DOE(S) AND/OR JANE DOE(S) 1-5
REGARDING THE McCARD HOUSE**

27.    Scholz incorporates by reference paragraphs 1 through 26.

28.    Scholz is engaged in the research, development, creation, and sale of architectural

home designs and drawings. Scholz has developed a network of licensed or registered builders for

Scholz's designs. Scholz's home designs are sold internationally and in interstate commerce.

29.    Scholz has authored an architectural design and drawing entitled the "Sutton Place F

51" (hereinafter the "Sutton Place"). A true and accurate copy of an abridged version of the Sutton

Place plans is attached as Exhibit D.

30.    The Sutton Place is an original work of authorship and constitutes copyrightable

subject matter under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). Scholz is the

author of the Sutton Place and the current claimant in the copyright of the Sutton Place.

31.    Scholz has complied in all respects with the copyright laws of the United States and

has secured the exclusive rights and privileges in and to the Sutton Place. Scholz has applied for and

received from the Register of Copyrights the appropriate Certificate of Copyright Registration for the

Sutton Place. True and accurate copies of the Certificates of Copyright Registration for the Sutton

Place are attached as Exhibit E.

32.    Commencing on the date of first publication, and consistently thereafter, the Sutton

Place has been published by Scholz in conformity with the copyright laws of the United States.

33.    Without Scholz's prior knowledge or permission and after Scholz obtained a

Certificate of Copyright Registration for the Sutton Place, Defendants Fieldstone Meadows

6

Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, prepared or caused to be prepared certain architectural drawings by copying the Sutton Place.

34.     Without Scholz's prior knowledge or permission and after Scholz obtained a Certificate of Copyright Registration for the Sutton Place, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, used the Sutton Place drawings and otherwise caused the wrongfully copied Sutton Place to be used or exploited in the construction of the McCard House. A true and accurate copy of a photograph of the McCard House is attached as Exhibit F.

35.     Upon information and belief, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and  John Doe(s) and/or Jane Doe(s) 1-5, have used, reproduced, displayed, distributed, marketed, offered for sale, and advertised the Sutton Place to the public.

36.     Upon information and belief, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, have used the Sutton Place in commerce in a way that is likely to cause confusion or mistake, or to deceive others as to Defendants' affiliation with Scholz, or as to the origin, sponsorship or approval of Defendants' use of the Sutton Place by Scholz.

37.     Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, have derived profit and have been unjustly enriched as a direct and proximate result of their actions.

38.     The actions of Defendants Fieldstone Meadows Development Corp., Todd Wacome,

7

Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, violate Scholz's exclusive copyright in the Sutton Place and Defendants' actions constitute an infringement of those copyrights.

39.    Upon information and belief, said Defendants' copyright infringements were knowing, willful, and intentional.

40.    The actions of Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

41.    During the pendency of this action and permanently thereafter, Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, should be enjoined and restrained from directly or indirectly infringing upon Scholz's copyrights by using, copying, reproducing, displaying, distributing, marketing, offering for sale, advertising, preparing derivative works based upon, or otherwise improperly using the Sutton Place.

42.    Scholz is entitled to recover all damages suffered as a result of Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5, wrongful acts, including, but not limited to profits obtained by said Defendants' as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney fees, court costs and interest on said damages from the date of said Defendants' infringements.

8

<u>COUNT III</u>
**COPYRIGHT INFRINGEMENT CLAIM AGAINST FIELDSTONE MEADOWS
DEVELOPMENT CORP., TODD WACOME, WILLIAM MᴬᶜLEOD,
AND JOHN DOE(S) AND/OR JANE DOE(S) 1-5
REGARDING THE MᴬᶜLEOD HOUSE**

43.     Scholz incorporates by reference paragraphs 1 through 42.

44.     Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz's designs. Scholz's home designs are sold internationally and in interstate commerce.

45.     Scholz has authored an architectural design and drawing entitled "The Lombardy A" (hereinafter the "Lombardy") and "The Westbury A" (hereinafter the "Westbury"). True and accurate copies of the abridged versions of the Lombardy plans and the Westbury plans are attached as Exhibit A.

46.     The Lombardy and the Westbury are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). Scholz is the author of the Lombardy and the Westbury and the current claimant in the copyright of the Lombardy and the Westbury.

47.     Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Lombardy and the Westbury. Scholz has applied for and received from the Register of Copyrights the appropriate Certificate of Copyright Registration for the Lombardy and the Westbury. True and accurate copies of the Certificates of Copyright Registration for the Lombardy and the Westbury are attached as Exhibit B.

48.     Commencing on the date of first publication, and consistently thereafter, the Lombardy and the Westbury have been published by Scholz in conformity with the copyright laws of

9

the United States.

49.     Without Scholz's prior knowledge or permission and after Scholz obtained a Certificate of Copyright Registration for the Lombardy and the Westbury, Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, prepared or caused to be prepared certain architectural drawings by copying the Lombardy and/or the Westbury.

50.     Without Scholz's prior knowledge or permission and after Scholz obtained a Certificate of Copyright Registration for the Lombardy and the Westbury, Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, used the Lombardy and/or the Westbury drawings and otherwise caused the wrongfully copied Lombardy and/or Westbury to be used or exploited in the construction of the MacLeod House. A true and accurate copy of a photograph of the MacLeod House is attached as Exhibit G.

51.     Upon information and belief, Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, have used, reproduced, displayed, distributed, marketed, offered for sale, and advertised the Lombardy and/or the Westbury to the public.

52.     Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, have derived profit and have been unjustly enriched as a direct and proximate result of their actions.

53.     The actions of Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, violate Scholz's exclusive copyright in the Lombardy and/or Westbury and Defendants' actions constitute an infringement of those

10

copyrights.

54.    Upon information and belief, said Defendants' copyright infringements were knowing, willful, and intentional.

55.    The actions of Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

56.    During the pendency of this action and permanently thereafter, Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, should be enjoined and restrained from directly or indirectly infringing upon Scholz's copyrights by using, copying, reproducing, displaying, distributing, marketing, offering for sale, advertising, preparing derivative works based upon, or otherwise improperly using the Lombardy and/or Westbury.

57.    Scholz is entitled to recover all damages suffered as a result of Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5, wrongful acts, including, but not limited to profits obtained by said Defendants' as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney fees, court costs and interest on said damages from the date of said Defendants' infringements.

<u>COUNT IV</u>
**COPYRIGHT INFRINGEMENT CLAIM AGAINST FIELDSTONE MEADOWS DEVELOPMENT CORP. AND TODD WACOME**

58.    Scholz incorporates by reference paragraphs 1 through 57.

59.    Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz's designs. Scholz's home designs are sold internationally and in interstate commerce.

60.    Scholz has authored an architectural design and drawing entitled "The Forest Glen B" (hereinafter the "Forest Glen"). A true and accurate copy of an abridged version of the Forest Glen is attached as Exhibit H.

61.    The Forest Glen is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States (17 U.S.C. §101 *et seq*.). Scholz is the author of the Forest Glen and the current claimant in the copyright of the Forest Glen.

62.    Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Forest Glen. Scholz has applied for and received from the Register of Copyrights the appropriate Certificate of Copyright Registration for the Forest Glen. True and accurate copies of the Certificates of Copyright Registration for the Forest Glen are attached as Exhibit I.

63.    Commencing on the date of first publication, and consistently thereafter, the Forest Glen has been published by Scholz in conformity with the copyright laws of the United States.

64.    Without Scholz's prior knowledge or permission and after Scholz obtained a Certificate of Copyright Registration for the Forest Glen, Defendants Fieldstone Meadows Development Corp. and Todd Wacome, prepared or caused to be prepared certain architectural

12

drawings by copying the Forest Glen.

65.     Without Scholz's prior knowledge or permission and after Scholz obtained Certificates of Copyright Registration for the Forest Glen, Defendants Fieldstone Meadows Development Corp. and Todd Wacome used the Forest Glen drawings and otherwise caused the wrongfully copied Forest Glen to be used or exploited. A true and accurate copy of an advertisement authorized by Defendants Fieldstone Meadows Development Corp. and Todd Wacome is attached as Exhibit J.

66.     Upon information and belief, Defendants Fieldstone Meadows Development Corp. and Todd Wacome, have used, reproduced, displayed, distributed, marketed, offered for sale, and advertised the Forest Glen to the public.

67.     Defendants Fieldstone Meadows Development Corp. and Todd Wacome, have derived profit and have been unjustly enriched as a direct and proximate result of their actions.

68.     The actions of Defendants Fieldstone Meadows Development Corp. and Todd Wacome violate Scholz's exclusive copyright in the Forest Glen.

69.     Upon information and belief, said Defendants' copyright infringements were knowing, willful, and intentional.

70.     The actions of Defendants Fieldstone Meadows Development Corp. and Todd Wacome have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

71.     During the pendency of this action and permanently thereafter, Defendants Fieldstone Meadows Development Corp. and Todd Wacome should be enjoined and restrained from directly or indirectly infringing upon Scholz's copyrights by using, copying, reproducing, displaying,

distributing, marketing, offering for sale, advertising, preparing derivative works based upon, or otherwise improperly using the Forest Glen.

72.    Scholz is entitled to recover all damages suffered as a result of Defendants Fieldstone Meadows Development Corp. and Todd Wacome wrongful acts, including, but not limited to, profits obtained by said Defendants' as a result of their wrongful acts and the loss of profits sustained by Scholz.  In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court.  Scholz is also entitled to recover all reasonable attorney fees, court costs and interest on said damages from the date of said Defendants' infringements.

WHEREFORE, Scholz demands judgment against Defendants as follows:

A.    As to Count I, against Defendants Fieldstone Meadows Development Corp., Todd Wacome, Martin Aronovitz, Lori Aronovitz, and John Doe(s) and/or Jane Doe(s) 1-5:

1.    A preliminary and permanent injunction under 17 U.S.C. §502 restraining Defendants and their respective agents, along with those in active participation with Defendants, from directly or indirectly infringing upon Scholz's copyrights by copying, preparing derivative works based upon or otherwise improperly using the Lombardy and/or Westbury;

2.    A monetary judgment against Defendants, jointly and severally, under 17 U.S.C. §504 for Scholz's damages and the profits derived by Defendants from their unauthorized use of the Lombardy and/or Westbury design and infringement upon Scholz's copyrights in the designs; or, in the alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C. §504 based upon Defendants' intentional, willful, and deliberate copyright infringement;

14

3. An award of all reasonable attorney fees and costs incurred by Scholz in pursuit of its copyright infringement claim, along with interest and all damages from the date of Defendants' infringement in accordance with 17 U.S.C. §505;

4. All other legal and equitable relief as the court deems just and appropriate.

B. As to Count II, against Defendants Fieldstone Meadows Development Corp., Todd Wacome, Harold McCard, Charlotte McCard, and John Doe(s) and/or Jane Doe(s) 1-5:

1. A preliminary and permanent injunction under 17 U.S.C. §502 restraining Defendants and their respective agents, along with those in active participation with Defendants, from directly or indirectly infringing upon Scholz's copyrights by copying, preparing derivative works based upon or otherwise improperly using the Sutton Place;

2. A monetary judgment against Defendants, jointly and severally, under 17 U.S.C. §504 for Scholz's damages and the profits derived by Defendants from their unauthorized use of the Sutton Place design and infringement upon Scholz's copyrights in that design; or, in the alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C. §504 based upon Defendants' intentional, willful, and deliberate copyright infringement;

3. An award of all reasonable attorney fees and costs incurred by Scholz in pursuit of its copyright infringement claim, along with interest and all damages from the date of Defendants' infringement in accordance with 17 U.S.C. §505;

4. All other legal and equitable relief as the court deems just and appropriate

C. As to Count III, against Defendants Fieldstone Meadows Development Corp., Todd Wacome, William MacLeod, and John Doe(s) and/or Jane Doe(s) 1-5:

15

1.    A preliminary and permanent injunction under 17 U.S.C. §502 restraining Defendants and their respective agents, along with those in active participation with Defendants, from directly or indirectly infringing upon Scholz's copyrights by copying, preparing derivative works based upon or otherwise improperly using the Lombardy and/or Westbury;

2.    A monetary judgment against Defendants, jointly and severally, under 17 U.S.C. §504 for Scholz's damages and the profits derived by Defendants from their unauthorized use of the Lombardy and/or Westbury design and infringement upon Scholz's copyrights in the designs; or, in the alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C. §504 based upon Defendants' intentional, willful, and deliberate copyright infringement;

3.    An award of all reasonable attorney fees and costs incurred by Scholz in pursuit of its copyright infringement claim, along with interest and all damages from the date of Defendants' infringement in accordance with 17 U.S.C. §505;

4.    All other legal and equitable relief as the court deems just and appropriate.

D.    As to Count IV, against Defendants Fieldstone Meadows Development Corp. and Todd Wacome:

1.    A preliminary and permanent injunction under 17 U.S.C. §502 restraining Defendants and their respective agents, along with those in active participation with Defendants, from directly or indirectly infringing upon Scholz's copyrights by copying, preparing derivative works based upon or otherwise improperly using the Forest Glen;

2.    A monetary judgment against Defendants, jointly and severally, under 17 U.S.C. §504 for Scholz's damages and the profits derived by Defendants from their unauthorized use of the Forest Glen design and infringement upon Scholz's copyrights in the design; or, in the

16

alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C. §504

based upon Defendants' intentional, willful, and deliberate copyright infringement;

3.    An award of all reasonable attorney fees and costs incurred by Scholz in

pursuit of its copyright infringement claim, along with interest and all damages from the date of

Defendants' infringement in accordance with 17 U.S.C. §505;

4.    All other legal and equitable relief as the court deems just and appropriate.


Respectfully submitted,
SCHOLZ DESIGN, INC.,
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION


Holly M. Polglase (BBO #553271)
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129
Telephone:    617-241-3000
Facsimile:    617-241-5115
Email: hpolglase@campbell-trial-lawyers.com

and

James L. Rogers, Esquire
Andrew J. Wilhelms, Esquire
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone:    419-241-6000
Facsimile:    419-247-1777
Email:    JLRogers@eastsmith.com
Email:    AJWilhelms@eastsmith.com


17